**FIREMEN'S & POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF LAREDO, et al., Petitioners,**

v.

**Roberto MARTINEZ, Respondent.**

No. C–1797.

Supreme Court of Texas.

Feb. 9, 1983.

Eustorgio Perez, Laredo, for petitioners.

Julio A. Garcia, Laredo, for respondent.

PER CURIAM.

This suit arises from the indefinite suspension of Patrol Officer Roberto Martinez from the Laredo Police Department for insubordination to a superior. The Civil Service Commission upheld Martinez' suspension on the ground that he refused to follow a direct order from a superior officer. On appeal to the district court, Martinez won reinstatement with back pay because he did

---

not receive "good and complete notice" of the charges against him. The court of appeals affirmed on the ground that the notice did not strictly comply with Tex.Rev. Civ.Stat.Ann. article 1269m § 16. Tex. App., 643 S.W.2d 770. We disagree.

The statute states that the written notice sent to the employee shall "point out the civil service rules alleged to have been violated." Here the letter Martinez received gave the grounds for suspension as "Violation of Rule II, section 2, letter p. Deliberate insubordination to a superior officer." It went on to detail the acts constituting insubordination.

This Court pointed out in *Firemen's & Policemen's Civil Service Commission of Fort Worth v. Lockhart*, 626 S.W.2d 492, 494 (Tex.1981), which also involved the question of sufficiency of notice under the statute:

> [T]hat substantial compliance is had with the requirement of article 1269m when the letter of suspension sufficiently apprises the officer of the charges against him and the facts relied upon to prove those charges. The courts recognize that this is a civil action administered by laymen and the charges need not meet the precision or technicality of a criminal indictment.

We hold that the notice to Martinez was sufficient under this language. The court of appeals, therefore, erred in holding that fair notice was not given. Because that decision is in conflict with the above opinion of this Court, we reverse the judgment of the court of appeals without hearing oral argument and render judgment upholding the order of the Commission. Tex.R.Civ.P. 483.