**CITY OF CARROLLTON, Appellant,**

v.

**Thomas POPESCU, Appellee.**

No. 05–90–00122–CV.

Court of Appeals of Texas, Dallas.

Feb. 25, 1991.

Rehearing Denied April 15, 1991.

Carol Wolfram, Cynthia Hollingsworth, Beverly Carter, Dallas, for appellant.

Ronald E. Deutsch, Dallas, for appellee.

Before ENOCH[1], C.J., and KINKEADE and BURNETT, JJ.

KINKEADE, Justice.

The City of Carrollton appeals a judgment in favor of Thomas Popescu in this case involving the disciplinary suspension of a police officer for alleged violations of civil service rules. In four points of error, the City argues that the trial court erred (1) when it granted Officer Popescu summary judgment, which held that the hearing examiner lacked the jurisdiction to enter an award in Officer Popescu's hearing examiner appeal and which reinstated Officer Popescu as a sworn police officer and (2) when it awarded Officer Popescu his attorneys' fees and denied the City its attorneys' fees. Because the trial court properly granted Officer Popescu summary judgment and his attorneys' fees, we affirm the trial court's judgment.

## PROCEDURAL HISTORY

On September 13, 1986, Carrollton Police Officer Thomas Popescu notified his supervisors that he injured his leg when he fell in the police station's parking lot while walking into work. He subsequently took three days of paid sick leave. Although Officer Popescu submitted his medical bills to his insurance carrier, he later learned that the City paid those bills under its workers' compensation insurance plan. Officer Popescu never filed a workers' compensation claim.

On July 16, 1987, Carrollton Police Chief Vernon Campbell learned that Officer Popescu may have falsely reported that his

---

1. The Honorable Craig Trively Enoch, Chief Justice, substituted for the Honorable Pat McClung, Justice, upon Justice McClung's retirement effective January 31, 1991. Chief Justice Enoch has reviewed the record, the appellate briefs, and the recording of oral argument.

leg injury occurred at work in order to avoid paying his medical bills. Several police officers informed Chief Campbell that on September 12, 1986, Officer Popescu injured his leg while playing football and that he told them of his plan to make a false claim at work the following morning. On July 17, 1987, the police department issued an official notice of formal complaint to Officer Popescu and ordered him to file a written response to the complaint's allegations. His August 8, 1987 written response denied the complaint's allegations. The police department began an internal affairs investigation of Officer Popescu and ordered him to submit to a polygraph examination. He refused to comply with this direct order.

On August 14, 1987, Chief Campbell prepared two charge letters, which he gave directly to Officer Popescu, that apprised him of his indefinite suspension from the police department. The first charge letter stated that Officer Popescu remained suspended indefinitely for falsification of records, conduct unbecoming an officer, dereliction of duty, violation of oath of office, fraud, and conduct prejudicial to good order. The second charge letter stated some of the same charges, but added that Officer Popescu remained indefinitely suspended for insubordination because he refused to obey the direct order to submit to a polygraph examination.

Both of the August 14 charge letters specifically detailed the Carrollton Civil Service Commission Code violations and the specific acts that Officer Popescu allegedly committed. While both letters notified Officer Popescu of his right to file a written appeal with the Carrollton Civil Service Commission within ten days after receipt of the letters, neither of the letters apprised Officer Popescu of his optional right to appeal to an independent third-party hearing examiner and the consequences of pursuing that option. Further, neither letter notified Officer Popescu that, if he elected to appeal to an independent hearing examiner, he would waive his right to appeal to the district court except under limited circumstances.

Eleven days later on August 25, 1987, Chief Campbell prepared two more letters and hand delivered them to Officer Popescu. The first letter withdrew the first August 14 charge letter because of a limitations bar to those charges. The second letter attempted to correct the second August 14 letter's failure to notify Officer Popescu of his appellate options. It stated that Chief Campbell changed neither the statements nor the charges contained in the second August 14 charge letter. It further stated that due to an oversight the City had not informed Officer Popescu of all of his appeal options and was therefore reinstating him for the period of August 14 through August 25. The letter then apprised Officer Popescu of his right to appeal his indefinite suspension either to the Carrollton Civil Service Commission or to an independent third-party hearing examiner and the consequences of pursuing this latter option. On August 31, 1987, Officer Popescu informed the City of his election to appeal his indefinite suspension to an independent hearing examiner.

After the hearing examiner upheld Officer Popescu's indefinite suspension, he appealed that decision to the district court. Officer Popescu moved for a partial summary judgment alleging that the hearing examiner lacked jurisdiction because the second August 14 charge letter did not substantially comply with the statutory requirements. Officer Popescu further alleged that the City's second August 25 letter sought to impermissibly amend the second August 14 charge letter. The court granted Officer Popescu's motion. The City and Officer Popescu then each filed motions for partial summary judgment on the remaining issues of damages and attorneys' fees. After a hearing on the issues, the trial court granted Officer Popescu summary judgment for reinstatement and for damages. After a nonjury trial, the court awarded attorneys' fees to Officer Popescu.

## JURISDICTION

In its first point of error, the City contends that the trial court erred in granting

Officer Popescu's motion for summary judgment as to jurisdiction. The City argues that it did not amend the second August 14 charge letter. The City further argues that, if it did amend the August 14 letter, the City had a right to amend because the prohibition against amendments applies only to appeals before the Civil Service Commission, not to hearings before hearing examiners. Finally, the City argues that no harm resulted from the delay in notifying Officer Popescu of his appeal options.

A summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c). This Court must determine whether the summary judgment proof establishes as a matter of law that no genuine issue of fact remains regarding the absence of the hearing examiner's jurisdiction to render an award. We resolve all doubts against the movant, Officer Popescu. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979).

### *Amendment of Charges*

■ The City first argues that its second August 25 letter did not amend the second August 14 charge letter. Article 1269m of the Texas Revised Civil Statutes limited the police department to its original statements and written charges without the right to amend. Tex.Rev.Civ.Stat.Ann. art. 1269m, § 16b(b) (Vernon 1983), *repealed by* Act of March 1, 1989, 71st Leg., R.S., ch. 1, § 26(k), 1989 Tex.Gen.Laws 37; *Bichsel v. Carver*, 159 Tex. 393, 321 S.W.2d 284, 286 (1959). The police department must fully perform all of the conditions established by the civil service laws before the hearing examiner obtains jurisdiction over the subject matter of the removal of an officer. *See Bichsel*, 321 S.W.2d at 287. Article 1269m provided in pertinent part:

### Hearing examiners

Sec. 16c (a) In a city in this state that has adopted this Act, the letter of disciplinary action issued to an employee shall state, in addition to other notice requirements prescribed by this Act, that in an appeal of an indefinite suspension ... the appealing employee may elect to appeal to an independent third party hearing examiner instead of to the commission. The letter must also state that if the employee elects to appeal to a hearing examiner, the employee waives all rights of appeal to a district court except as provided by Subsection (f) of this section....

....

(f) A state district court may hear appeals of an award of a hearing examiner only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means. An appeal must be brought in the state district court having jurisdiction in the municipality in which the department is located.

Tex.Rev.Civ.Stat.Ann. art. 1269m, § 16c(a) (Vernon 1985), *repealed by* Act of May 21, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex.Gen.Laws 1307 (current version at Tex. Local Gov't Code Ann. § 143.057(a) & (b) (Vernon 1988)); Tex.Rev.Civ.Stat.Ann. art. 1269m, § 16c(f) (Vernon 1983), *repealed by* Act of May 21, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex.Gen.Laws 1307 (current version at Tex.Local Gov't Code Ann. § 143.057(j) (Vernon 1988)).

■ Officer Popescu's summary judgment evidence shows that his indefinite suspension resulted from the second August 14 charge letter. This letter failed to apprise Officer Popescu of his right to appeal to an independent hearing examiner and of its implications. Although the second August 25 letter stated that Chief Campbell changed neither his statements or charges in the second August 14 charge letter, it then proceeded to add to the statements concerning Officer Popescu's appeal rights contained in the second August 14 charge letter by explaining the other appeal options available. Further, the City added statements reinstating Officer Popescu for the period August 14 to August

25. Even viewing this summary judgment evidence in the light most favorable to the City, Officer Popescu still established that the City failed to give the requisite statutory notice in the second August 14 charge letter and that the second August 25 letter amounted to an impermissible amendment.

### Right to Amend

■ The City next argues that the prohibition against the amendment of original statements and charges applies only to appeals before the Civil Service Commission. When the court interprets a statute, it must look to the intent of the legislature and must construe the statute so as to give effect to that intent. *Seay v. Hall,* 677 S.W.2d 19, 25 (Tex.1984); *Metropolitan Transit Auth. v. Plessner,* 682 S.W.2d 650, 653 (Tex.App.—Houston [1st Dist.] 1984, no writ). One of the purposes of the Civil Service Act is to provide for and protect the rights of persons serving as officers and employees of police departments. *Bichsel,* 321 S.W.2d at 286.

■ To support its argument, the City relies on section 16b(b) of article 1269m, which provided that "[i]n a civil service hearing conducted under this subsection, the department head is restricted to his original written statement and charges which may not be amended." TEX.REV.CIV. STAT.ANN. art. 1269m, § 16b(b) (Vernon 1983), *repealed by* Act of March 1, 1989, 71st Leg., R.S., ch. 1, § 26(k), 1989 Tex. Gen.Laws 37. However, section 16c(a) included in pertinent part the following language, "in addition to other notice requirements prescribed by this Act." TEX.REV. CIV.STAT.ANN. art. 1269m, § 16c(a) (Vernon 1985), *repealed by* Act of May 21, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex. Gen.Laws 1307 (current version at TEX.LO-CAL GOV'T CODE ANN. § 143.057(a) & (b) (Vernon 1988)). This language means that the Legislature intended to impose not just the notice requirements contained in section 16c on the City, but all of the notice requirements contained within the Act. The City misplaces its reliance on section 16b(b). Sections 16b(b) and 16c(a) must be read in conjunction. Section 16b(b) on its face appeared to only disallow amendments to statements and charges to appeals brought before the civil service commission. With its broad reference to the Act as a whole, section 16c(a) included section 16b(b)'s and all other notice provisions as statements and charges that may not be amended. Together these provisions disallow amendments to statements and charges by the municipality whether the employee appeals to the commission or to a hearing examiner. Any other interpretation circumvents the legislative purpose of shielding police and similar employees from harassment from municipalities filing, dismissing, and refiling charges based upon the same transaction. These actions would defeat the legislative intent of the Act to provide for and protect the rights of persons serving as employees of police departments.

### Harm

■ Finally, the City argues that because Officer Popescu timely appealed to a hearing examiner and had his appeal duly considered, he suffered no harm from the City's delay in notification. In civil service hearings regarding disciplinary matters, a police officer need not show harm when a city fails to fully perform all conditions precedent to the removal of an officer. *See Crawford v. City of Houston,* 487 S.W.2d 179, 180 (Tex.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.).

### Conclusion

■ The City impermissibly amended the second August 14 charge letter with the second August 25 letter. Once the City issued the charge letter on August 14 it lost all rights to make substantive changes. The statute prohibits this type of amendment and Officer Popescu was not required to show that he suffered any harm as a result of the amendment. Because no genuine issue of material fact remained that the hearing examiner lacked jurisdiction to hear the charges and render an award, the trial court properly granted Officer Popescu his motion for summary judgment. Even if the City had otherwise shown a

right as a matter of law to add the additional information without it constituting an amendment, it failed to establish that Officer Popescu received the second letter within the ten-day time limit specified in the first letter for the filing of a written appeal. Therefore, the City did not show that it delivered the second August 25 letter to Officer Popescu within the ten-day period after he received the second August 14 letter, so that he could avail himself of his appeal options in time. Further, it appears that the City reinstated Officer Popescu for the period between August 14 and August 25 for the sole purpose of arguing that the second August 25 letter was not an amendment, but an entirely new proceeding, thus allowing it a second bite of the apple. The City may not indirectly do what the statute directly prohibits. Finally, while we expressly do not reach the merits of the hearing examiner's ruling, we note that the second August 25 letter has as its predicate the charges listed in the second August 14 charge letter. Therefore, unless we consider the second August 25 letter an amendment of the second August 14 letter, the second August 25 letter is meaningless. We overrule the City's first point of error.

## REINSTATEMENT

In its second point of error, the City contends that the trial court erred in reinstating Officer Popescu as a sworn police officer. The City argues that Officer Popescu failed to carry his summary judgment burden of showing his entitlement to reinstatement as a matter of law. The City further argues that the trial court possessed no authority to order Officer Popescu's reinstatement.

■■■ After the trial court's hearing on the respective motions for summary judgment submitted by the City and Officer Popescu, the trial court entered a final judgment in favor of Officer Popescu. Appellate review of the denial of a motion for summary judgment is available when both parties previously moved for summary judgment and the trial court grants one motion and denies the other. *Sorsby v.*

*State,* 624 S.W.2d 227, 230 (Tex.Civ.App.— Houston [1st Dist.] 1981, no writ). Further, when both parties previously moved for summary judgment and the trial court granted one motion, but denied the other, after determining all questions presented, we may reverse that judgment and render the judgment that the trial court should have rendered, including rendering judgment for the other movant. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988).

■■■ Officer Popescu established as a matter of law that the City failed to follow the requisite notice provisions and that it amended Officer Popescu's disciplinary charges in violation of the statute. Section 143.057 of the Texas Local Government Code provides in pertinent part that "[i]n each hearing conducted under this section, the hearing examiner has the same duties and powers as the commission...." TEX. LOCAL GOV'T CODE ANN. § 143.057(f) (Vernon 1988). Therefore, the trial court possessed the same statutory authority to reinstate Officer Popescu as did the commission. *See* TEX.LOCAL GOV'T CODE ANN. §§ 143.015(b) & 143.053(e)(3) (Vernon 1988). Further, the record reflects that in his petition Officer Popescu sought a writ of mandamus ordering his reinstatement. Mandamus lies to restore to office an incumbent removed without authority. *Bichsel,* 321 S.W.2d at 287. Because Officer Popescu established his right to summary judgment as a matter of law, the trial court possessed the statutory and the mandamus powers to reinstate him. We overrule the City's second point of error.

## ATTORNEYS' FEES

In its third point of error, the City contends that the trial court erred in awarding Officer Popescu his attorneys' fees. The City argues that no statutory basis exists to award attorneys' fees in an appeal from a hearing examiner's award.

■■■ The Texas Legislature provided Officer Popescu a specific right to appeal a hearing examiner's award to the trial court on the ground that the hearing examiner lacked jurisdiction to render an award. *See* TEX.REV.CIV.STAT.ANN. art. 1269m, § 16c(f)

(Vernon 1983), *repealed by* Act of May 21, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex.Gen.Laws 1307 (current version at TEX. LOCAL GOV'T CODE ANN. § 143.057(j) (Vernon 1988)). In conducting the hearing, the hearing examiner possessed the same duties and powers as the commission. TEX. REV.CIV.STAT.ANN. art. 1269m, § 16c(d) (Vernon 1985), *repealed by* Act of May 21, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex.Gen.Laws 1307 (current version at TEX. LOCAL GOV'T CODE ANN. § 143.057(f) (Vernon 1988)). The Legislature further provides the trial court authority to grant reasonable attorneys' fees to the prevailing party in an appeal of any commission decision. *See* TEX.LOCAL GOV'T CODE ANN. § 143.015(a) & (c) (Vernon 1988). Final orders rendered by a hearing examiner under this statute equate to final orders rendered by the Civil Service Commission. *See Downs v. City of Fort Worth*, 692 S.W.2d 209, 212 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.). The statutory provisions of sections 143.015 and 143.057 must be read together in order for the trial court to grant the proper legal or equitable relief necessary to carry out the purposes of Chapter 143. Because the trial court had the same duties and powers as the commission, the trial court did not abuse its discretion in awarding Officer Popescu his attorneys' fees as the prevailing party. We overrule the City's third point of error.

In its fourth point of error, the City contends that the trial court erred by failing to award the City its attorneys' fees. The City argues that, if section 143.015(c) provided for attorneys' fees to the prevailing party, a reversal of the trial court's judgment entitles the City to its attorneys' fees. Because we determine that Officer Popescu is the prevailing party, the trial court did not err in refusing to award the City its attorneys' fees. We overrule the City's fourth point of error.

We affirm the trial court's judgment.