**CITY OF LEAGUE CITY,
Texas, Appellant,**

v.

**Timothy BLEVINS, Appellee.**

**No. A14–90–00520–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 29, 1991.

Matthew L. Hoeg, Houston, for appellant.

---

1. The Firemen's and Policemen's Civil Service Act was found in TEX.REV.CIV.STAT.ANN. art. 1269m. Upon its repeal in 1987, the substance of the Act was incorporated into the Local Government Code. *See generally* TEX.LOCAL GOV'T CODE ANN. §§ 143.001–143.134 (Vernon 1988 & Supp.1991).

Lizabeth Watson, San Antonio, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

MURPHY, Justice.

This case arises under the provisions of the Texas Local Government Code which formerly constituted the Firemen's and Policemen's Civil Service Act.[1] Appellant appeals from an order denying its application to confirm the award of an independent third party hearing examiner. For the reasons set forth below, we conclude that we lack jurisdiction over the matter and dismiss the appeal.

Appellee was a police officer employed by the League City Police Department. On December 30, 1987, he was indefinitely suspended from the police department by the city's chief of police for violation of various civil service rules. A suspension notice was given in accordance with the applicable provisions of the Texas Local Government Code, and it expressly informed appellee of his right to appeal the suspension under TEX.LOCAL GOV'T CODE ANN. §§ 143.053, 143.057 (Vernon 1988). Specifically, the notice informed appellee of his option to appeal the suspension to either the League City Civil Service Commission or an independent third party hearing examiner.

On January 4, 1988, appellee informed the League City Civil Service Commission in writing of his election to appeal the suspension to an independent third party hearing examiner pursuant to TEX.LOCAL GOV'T CODE ANN. § 143.057 (Vernon 1988). Appellee's appeal was based *inter alia* on his contention that *some* of the charges against him were not legally sufficient to justify the suspension. A hearing examiner was selected, and a hearing on appellee's suspension was conducted on March 10, 1988. Following the submission of written

briefs by both parties, the hearing examiner issued his opinion and award in the matter on May 2, 1988. In his opinion, the hearing examiner found that the charges against appellee were true, that they constituted dischargeable offenses, and that the chief of police had just cause for indefinitely suspending appellee from the department. Based upon these findings, the hearing examiner denied appellee's grievance and upheld the suspension.

On May 10, 1988, appellee appealed from the hearing examiner's award by filing this action in district court. Pursuant to TEX.LOCAL GOV'T CODE ANN. § 143.057(j) (Vernon 1988), a district court may hear an appeal of a hearing examiner's award only on the grounds that the hearing examiner was without jurisdiction or exceeded his jurisdiction or that the award was procured by fraud, collusion or other unlawful means. Although the crux of appellee's complaint is that some, but not all, of the charges against him were legally insufficient to support the suspension, his original petition alleges that the hearing examiner was without jurisdiction to consider certain rule violations and exceeded his jurisdiction by upholding the suspension.[2]

Prior to answering the original petition, appellant filed a plea to the jurisdiction of the trial court in which it sought dismissal of this action on the basis that the court lacked jurisdiction over the substance of appellee's appeal under TEX.LOCAL GOV'T CODE ANN. § 143.057(j) (Vernon 1988). This plea was denied, and appellant proceeded to file its answer and special exceptions. On June 2, 1989, appellee filed a motion for summary judgment in the court below. Appellant responded by filing a written reply and a cross-motion for summary judgment. Inexplicably, both motions for summary judgment were denied by the trial court. Thereafter, on March 19, 1990, appellant filed an application for confirmation of the hearing examiner's award. On May 22, 1990, the trial court signed an order denying confirmation of the hearing examiner's award. It is from this order that appellant appeals.

It is axiomatic that, except as authorized by statute, no appeal lies from an interlocutory order. *E.g., Grant v. Austin Bridge Constr. Co.*, 725 S.W.2d 366, 368 (Tex.App.—Houston [14th Dist.] 1987, no writ). For purposes of appeal, an order is interlocutory when it determines less than all issues as to all parties thereby leaving something further to be determined and adjudicated by the trial court in disposing of the parties and their rights. *E.g., Perkins v. Springstun*, 557 S.W.2d 343, 344 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.). In this case, it is conceded that the order appealed from is interlocutory in nature, but appellant contends that its appeal from the order is expressly authorized by statute.

In support of this contention, appellant relies upon article 238–2 of the Texas General Arbitration Act which provides, in pertinent part, that an appeal may be taken from "[a]n order confirming or denying confirmation of an award." TEX.REV.CIV. STAT.ANN. art. 238–2(A)(3) (Vernon 1973). This statutory exception to the general rule regarding the appealability of interlocutory orders is applicable only in the context of arbitration. *See NCR Corp. v. Mr. Penguin Tuxedo Rental & Sales, Inc.*, 663 S.W.2d 107, 108 (Tex.App.—Eastland 1983, writ ref'd n.r.e.); *see also Di Giammatteo v. Olney*, 794 S.W.2d 103, 104 (Tex.App.—Dallas 1990, no writ). For the reasons stated below, we conclude that the proceedings before the independent third party hearing examiner did not constitute an arbitration.

Appellant argues in its brief that certain correspondence in the record evidences a written agreement between the parties to refer appellee's appeal of his suspension to binding arbitration, and that this "written agreement" is enforceable under article 224 of the Texas General Arbitration Act. This argument is without merit. The correspondence relied upon by appellant to establish the purported arbitra-

---

**2.** We find this argument to be without merit. However, in view of our disposition of this case, we are precluded from addressing the substance of the issues presented.

tion agreement consists of the suspension notice from the chief of police dated December 30, 1987 and appellee's letter to the civil service commission dated January 4, 1988. Neither of these documents mentions "arbitration" in any way, shape or form. To the contrary, both documents expressly cite and carefully track the language of the applicable sections of the Texas Local Government Code. Pursuant to TEX.LOCAL GOV'T CODE ANN. §§ 143.053, 143.057 (Vernon 1988), appellee had the option of appealing his suspension to either the League City Civil Service Commission or an independent third party hearing examiner, and he elected to appeal to a hearing examiner. This election did not amount to an agreement to submit the matter to arbitration.

In addition, we find no statutory basis for concluding that the proceedings before the hearing examiner constituted an arbitration. Chapter 143 of the Local Government Code was enacted for the express purpose of securing certain public policy goals relating to the efficient operation of fire and police departments. *See id.* § 143.001. In this regard, chapter 143 establishes specific administrative procedures and guidelines by which an aggrieved police officer may seek review of his complaint by appealing to a civil service commission. *See, e.g., id.* § 143.010. The hearing examiner in this case was acting in the stead of the League City Civil Service Commission, and he was expressly obligated and authorized by statute to exercise "the same duties and powers as the commission." *See id.* § 143.057(f). Applying the provisions of the Texas General Arbitration Act to proceedings involving either a civil service commission or a hearing examiner would run contrary to the purpose of chapter 143. Accordingly, we hold that proceedings held before an independent third party hearing examiner pursuant to TEX.LOCAL GOV'T CODE ANN. § 143.057 (Vernon 1988) are not in the nature of an arbitration and are not subject to the provisions of the Texas General Arbitration Act.

In reaching this conclusion, we are cognizant of the fact that TEX.LOCAL GOV'T CODE ANN. § 143.057(j) (Vernon 1988), which provides for a limited right of appeal from the award of a hearing examiner, does reference the term "arbitration panel."[3] In the context of § 143.057, however, this term is clearly a non sequitur. Section 143.057 provides only for an appeal to a *single* hearing examiner, and there is no provision in the section relating to a "panel" of any sort. The language of § 143.057(j) was apparently borrowed from a substantially similar provision[4] in the Fire and Police Employee Relations Act pertaining to appeals from an arbitration board established by the Act. *See* TEX.REV.CIV.STAT.ANN. art. 5154c–1, § 14 (Vernon 1987). Accordingly, we find that the use of the term "arbitration panel" in § 143.057(j) has no bearing on the nature of the proceedings before the hearing examiner in this case.

The trial court's order of May 22, 1990 denying appellant's application for confirmation of the hearing examiner's award is interlocutory in nature. There is no statutory provision authorizing interlocutory appeal from the order. Accordingly, we lack jurisdiction to address the merits of appellant's complaints.

The appeal is dismissed.

---

**3.** TEX.LOCAL GOV'T CODE ANN. § 143.057(j) (Vernon 1988) provides, in pertinent part:

A district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means.

**4.** Section 14 of the Fire and Police Employee Relations Act provides, in pertinent part:

Awards of the arbitration board shall be reviewable by the state district court for the judicial district in which the municipality is located, but only on the following grounds: (1) that the arbitration panel was without or exceeded its jurisdiction. TEX.REV.CIV.STAT.ANN. art. 5154c–1, § 14 (Vernon 1987).