CITY OF DESOTO, Texas, Appellant

v.

Justin WHITE, Appellee.

No. 05–06–01469–CV.

Court of Appeals of Texas,
Dallas.

Aug. 28, 2007.

Peter G. Smith, Karen S. Nelson, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Dallas, for appellant.

Rhonda E. Cates, Law Offices of Rhonda E. Cates, Garland, for appellee.

Before Justices WRIGHT, LANG, and RICHTER.

## OPINION

Opinion by Justice RICHTER.

This case involves the determination of whether a notice requirement in the Civil

Service Act is jurisdictional or procedural. The provision at issue requires a notice of indefinite suspension to advise the recipient of the implications of electing to appeal to an independent third-party hearing examiner. On cross-motions for summary judgment, the trial court concluded the Act is jurisdictional and granted summary judgment in favor of Justin White, a former police officer suspended by the City of DeSoto, (City). Appellant, the City of De Soto argues the trial court erred because the Act's requirements are procedural rather than jurisdictional. Alternatively, the City contends it substantially complied with the Act and the trial court granted relief which exceeds the statutorily authorized remedies. We conclude the conditions in the civil service act are jurisdictional and strict compliance is required. Although the scope of an appeal from a hearing examiner's decision differs from an appeal of a decision from the Civil Service Commission, the remedies available to a hearing examiner are the same as those available to the Commission. The statute authorizes the award of attorney's fees to a party who prevails in an appeal from a decision of the Commission. Therefore, the award of attorney's fees was not error. The judgment of the trial court is affirmed.

## I. BACKGROUND

Justin White is a former City police officer who was indefinitely suspended for cause following two internal investigations. On December 4, 2003, the Police Chief personally delivered to White a ten-page Letter of Indefinite Suspension. The Letter advised White that each of the two investigations resulted in findings that several policies had been violated. The facts supporting the findings as well as the specific policy violations were detailed in the Letter. All of the violations had occurred within 180 days following the suspension. The Letter concluded White had committed several Civil Service Act violations, including: (1) acts of incompetency; (2) neglect of duty; (3) conduct prejudicial to good order; (4) absence without leave; and (5) violation of applicable police department rule or special order. *See* TEX. LOCAL GOV'T CODE ANN. § 143.052 (Vernon 1999). Both parties signed a certificate of service noting the date and time of service and bearing the signature of a third party witness. The Letter was filed with the Civil Service Commission within 120 hours of the suspension.

The Letter advised White if he wished to appeal the suspension, he was required to do so within ten days. White was further advised he could appeal to an independent third-party hearing examiner. The Letter did not advise White that an appeal to an hearing examiner rather than the Civil Service Commission would limit the issues he would be entitled to raise on appeal.

White, who was represented by counsel at all stages of the appeal, filed his election to appeal to an hearing examiner. When he appeared at the hearing, White complained the Letter did not meet all of the statutory requirements, and this failure deprived the hearing examiner of jurisdiction. White's counsel commented on the inherent limitation of White's appellate rights resulting from his election to appeal to an hearing examiner, but never asserted White was unaware of the waiver or suffered any prejudice as a result of the Letter's omission. White was offered an abatement, a continuance, and the opportunity to change his election, all of which he declined. The hearing examiner ruled that the jurisdictional standard is "substantial compliance" and the City had met the standard. Thus, the hearing examiner determined his jurisdiction had been properly invoked.

At the conclusion of the hearing, the hearing examiner upheld White's indefinite suspension. White appealed to the district court and asserted the hearing examiner lacked jurisdiction. Both parties moved for summary judgment on the jurisdictional issue. The trial court granted White's motion and ordered: (1) that the City's indefinite suspension of White be set aside; (2) that the City correct White's personnel records and reinstate White to his former position with back pay; and (3) that White recover his attorney's fees. This appeal followed.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo. *Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). When both parties move for summary judgment, each bears the burden of establishing it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 356 (Tex.2000). We review the summary judgment evidence of both parties, determine all questions presented, and render the judgment the trial court should have rendered. *Valence Operating v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005); *TWCC v. Patient Advocates,* 136 S.W.3d 643, 648 (Tex.2004).

## III. ANALYSIS

### A. The Civil Service Act Requirements

The issue presented in the parties' cross-motions for summary judgment that we now consider on appeal is whether the hearing examiner was vested with jurisdiction to review the City's employment decision. In its first issue, the City contends the Civil Service Act requirements are procedural rather than jurisdictional. In this regard, the City argues although procedural irregularities may affect the parties' rights to recovery, they have no im-

pact on the hearing examiner's subject matter jurisdiction. Conversely, White maintains the City must strictly comply with the prerequisites of the Local Government Code when imposing discipline. Because the City failed to comply by advising him of the consequences attendant to his appellate election, White asserts the hearing examiner lacked jurisdiction.

"Jurisdiction" deals with the power of a court to determine an action involving a particular subject matter between certain parties and to render a judgment. *Kshatrya v. Tex. Workforce Comm'n,* 97 S.W.3d 825, 829 (Tex.App.-Dallas 2003, no pet.). Subject matter jurisdiction is essential to the authority of a tribunal to decide a case; it is never presumed, it cannot be waived, and it cannot be conferred by consent, waiver, estoppel, or agreement. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 442–43 (Tex.1993). Statutory interpretation is a question of law. *In re Canales,* 52 S.W.3d 698, 701 (Tex.2001). We are charged with the task of construing statutes as written. If possible, we must ascertain legislative intent from the statute's language. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). When examining legislative intent, our review is not confined to isolated words, phrases, or clauses; rather, we examine the entire act. *Meritor Auto., Inc. v. Ruan Leasing Co.,* 44 S.W.3d 86, 90 (Tex.2001); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2006) (instructing courts to construe words and phrases in context). Therefore, our review begins with the statute itself.

The section of the statute in which the appellate notice requirement appears details the mechanics of the suspension process. First, police officers must be notified of disciplinary action against them by written letter from the Chief of Police.

TEX. LOCAL GOV'T CODE ANN. § 143.052 (Vernon 1999). If the disciplinary action is suspension, the statute requires the department head, within 120 hours of the time of suspension, to file a written statement with the commission giving reasons for the suspension. The statement is to be immediately delivered in-person by the department head to the police officer. TEX. LOCAL GOV'T CODE ANN. § 143.052(c) (Vernon 1999). The statement is required to point out each civil service rule alleged to be violated and describe the acts alleged to be in violation of the rules. TEX. LOCAL GOV'T CODE ANN. § 143.052(e) (Vernon 1999). The written statement must also inform the officer that an appeal must be made in writing to the commission within 10 days of receipt of the statement. TEX. LOCAL GOV'T CODE ANN. § 143.052(d) (Vernon 1999). The officer may not be suspended for any conduct which occurred more than 120 days prior to the date of the suspension. *See* TEX. LOCAL GOV'T CODE ANN. § 143.052(h) (Vernon 1999). The Letter at issue in this case met all of these requirements.

The statute further provides:

In addition to the other notice requirements prescribed by this chapter, the written notice ... must state that in an appeal of an indefinite suspension ... the police officer may elect to appeal to an independent third party hearing examiner instead of to the commission. The letter must also state that if the ... **police officer elects to appeal to a hearing examiner, the person waives all rights to an appeal to a district court except as provided by Subsection (j).**

TEX. LOCAL GOV'T CODE ANN. § 143.057(a) (Vernon Supp.2006) (emphasis added). The grounds for appeal set forth in Subsection (j) include: (1) that the arbitration panel was without or exceeded its jurisdic-

tion; or (2) that the order was procured by fraud, collusion, or other unlawful means. TEX. LOCAL GOV'T CODE ANN. § 143.057(j) (Vernon Supp.2006). Although the Letter advised White of the option to appeal to a hearing examiner, it did not instruct him that a waiver of his appellate rights would result from such an election.

 The statute speaks in terms of what a letter "must" state. When used in a statute, the term "must" creates or recognizes a condition precedent. TEX. GOV'T CODE ANN. § 311.016(3) (Vernon 2006). The term is generally recognized as mandatory, creating a duty or obligation. *See Wright v. Ector County Indep. School Dist.,* 867 S.W.2d 863, 868 (Tex.App.-El Paso 1993, no writ). But even if a statutory requirement is mandatory, it does not mean compliance is necessarily jurisdictional. *See UTSWMCD v. Loutzenhiser,* 140 S.W.3d 351, 359 (Tex.2004); *Helena Chemical v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001); *Nichols v. Seei,* 97 S.W.3d 882, 884 (Tex.App.-Dallas 2003, no pet.). Here, the plain language of the statute is clear and there is no question the notice requirement is mandatory. The question becomes whether the mandatory language in the statute is jurisdictional.

In a prior decision of this court we held that the police department must fully perform all conditions established by the civil service laws before the hearing examiner obtains jurisdiction. *See City of Carrollton v. Popescu,* 806 S.W.2d 268, 270–71 (Tex.App.-Dallas 1991, no writ). We decline the City's invitation to depart from our prior decision. The City's first issue is overruled.

## B. *Substantial Compliance*

 In its second issue, the City argues that even if the Civil Service Act requirements are jurisdictional, the hearing examiner had jurisdiction because the

city "substantially complied" with the statute. In support of its argument, the City urges that it is not required to literally comply with the statute, but need only comply with its essential terms. *See City of Beaumont v. Spivey*, 1 S.W.3d 385, 391 (Tex.App.-Beaumont 1999, pet. denied). The City cites to decisions holding that substantial compliance is met when notice of an adverse employment decision sufficiently apprises the officer of the charges against him and the facts relied upon to prove those charges. *See Firemen's and Policemen's Civil Service Comm'n v. Martinez*, 645 S.W.2d 431, 432 (Tex.1983); *City of Laredo v. Almazan*, 115 S.W.3d 74, 77–78 (Tex.App.-San Antonio 2003, no pet.). The City further argues that substantial compliance may be demonstrated in accordance with the overall intent of the statute. *See Klinger v. City of San Angelo*, 902 S.W.2d 669, 676 (Tex.App.-Austin 1995, writ denied). We disagree with the City's assertions.

■■■ A tribunal only has subject-matter jurisdiction over the removal of an officer when all conditions established by the civil service laws have been fully performed. *See City of Plano Firefighters' and Police Officers' Civil Serv. Comm'n v. Maxam*, 685 S.W.2d 125, 128 (Tex.App.-Dallas 1985, writ ref'd n.r.e.); *Popescu*, 806 S.W.2d at 271. The City's second issue is overruled.

### C. Remedies

In its third issue, the City argues the trial court improperly granted more relief than it was authorized to grant. Specifically, the City argues the attorney's fees award was not authorized by statute. In support of this argument, the City maintains that although the trial court is authorized to award attorney's fees in an appeal from a ruling from the Civil Service Commission, there is no statutory authority for an appeal from a hearing examiner's

award. The City further contends that no waiver of immunity from attorney's fees can be implied from the statute.

■■■ The Civil Service Act grants the trial court authority to award attorney's fees to the prevailing party in an appeal from a Commission decision. *See* Tex. Local Gov't Code Ann. § 143.105 (Vernon 1999). A private hearing examiner is granted the same duties and powers as the Commission. *See* Tex. Local Gov't Code Ann. § 143.057(f) (Vernon 1999); *see also, City of Garland v. Byrd*, 97 S.W.3d 601, 606 (Tex.App.-Dallas 2002, pet. denied) (hearing examiner stands in the shoes of the Commission). As we observed in *Popescu*, Sections 143.015 and 143.057 must be read together to enable the trial court to grant the relief necessary to carry out the purpose of the statute. *See Popescu*, 806 S.W.2d at 274. When a hearing examiner steps into the shoes of the Commission and conducts a disciplinary hearing, the power being exercised is the same as that being exercised by the Commission. Final orders rendered by the hearing examiner equate to final orders rendered by the Commission. *Id; see also, Byrd*, 97 S.W.3d at 606. Therefore, the trial court did not err in awarding attorney's fees to White as the prevailing party.

■■■ In a single sentence, the City also contends the portion of the summary judgment "that purports to grant injunctive and mandamus relief is unsupported by the pleadings." An argument must be supported by authorities and citations to the record. Tex.R.App. P. 38.1(h). An issue not supported by authority is waived. *Melendez v. Exxon Corp.*, 998 S.W.2d 266, 280 (Tex.App.-Houston [14th Dist.] 1999, no pet.). To the extent the City intended this assertion as an independent ground of error it is overruled.

Having resolved all of the City's issues against it, we affirm the judgment of the trial court.