Paul T. KUYKENDALL, Appellant

v.

CITY OF GRAND PRAIRIE and Grand Prairie Fire Fighters and Police Officers' Civil Service Commission, Appellees.

No. 05–07–00788–CV.

Court of Appeals of Texas, Dallas.

June 26, 2008.

Randall D. Moore, Law Offices of Randall D. Moore, PLLC, Fort Worth, TX, for Appellant.

Bettye S. Lynn, Lynn, Pham & Ross, L.L.P., Fort Worth, TX, for Appellee.

Before Justices MORRIS, WHITTINGTON, and FITZGERALD.

## OPINION

Opinion By Justice FITZGERALD.

Paul T. Kuykendall appeals the trial court's judgment affirming the decision of the hearing examiner in this civil service discipline case. Appellant brings three issues contending (1) the hearing examiner exceeded his jurisdiction in imposing a thirty-day suspension (a) after concluding appellant did not commit the charged misconduct and (b) when appellees had recommended demotion of appellant; (2) appellees' judicial admissions regarding the interpretation of certain statutory provisions relieved appellant of having the burden to prove the examiner did not have authority to impose a suspension when appellees recommended demotion of appellant; and (3) appellant is entitled to recover his attorney's fees. We conclude the hearing examiner abused his authority in suspending appellant after concluding appellant did not commit the charged misconduct and that the trial court erred in granting appellees' motion for summary judgment and denying appellant's. We reverse the trial court's judgment and render judgment that the hearing examiner's order suspending appellant is set aside and that appellees take nothing from appellant. We remand the cause to the trial court for determination of the amount of attorney's fees, if any, appellant should be awarded.

## BACKGROUND

Appellant is a captain with the Grand Prairie Fire Department. In 2005, appellant complained to appellees that someone was spreading rumors that appellant had exposed himself in front of another fire fighter. The City investigated, concluded the allegation of exposure was true, and decided to demote appellant two ranks, from captain to driver engineer. Appellant's department head presented his written recommendation of demotion to the Civil Service Commission, which determined that probable cause existed for ordering the demotion. At appellant's request, a hearing on the City's recommen-

dation was conducted before a hearing examiner. On January 30, 2007, the hearing examiner rendered his decision that insufficient evidence supported the allegation that appellant exposed himself. However, the examiner determined appellant was involved in "inappropriate behavior" and "horseplay" that was "in poor taste and in violation of the City's Rules of Conduct and Standard Operating Procedures. As such, some discipline is in order, that being a suspension of thirty (30) calendar days," and the examiner imposed a thirty-day suspension without pay.

On February 9, 2007, appellant appealed the examiner's decision to the trial court. Appellant pleaded that the hearing examiner's decision to reject the recommended demotion was correct but that the examiner exceeded his jurisdiction by imposing the thirty-day suspension. Appellees did not appeal the examiner's decision that insufficient evidence supported the charged misconduct. Both sides presented motions for summary judgment. The trial court granted appellees' motion and denied appellant's. Appellant timely appealed to this Court.

## STANDARD OF REVIEW

The standard for an appellate court's review of a summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). A party moving for summary judgment has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex.2005). After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue.

*Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 881 (Tex. App.-Dallas 2007, no pet.). When both parties move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Ziemian v. TX Arlington Oaks Apartments, Ltd.*, 233 S.W.3d 548, 556 (Tex.App.-Dallas 2007, pet. struck).

## HEARING EXAMINER'S EXCEEDING HIS JURISDICTION

In his first issue, appellant asserts the trial court erred in granting appellees' motion for summary judgment and denying appellant's motion because appellant established as a matter of law that the examiner exceeded his jurisdiction in ordering appellant suspended.

### Procedures for Disciplining Fire Fighters

Chapter 143 of the Texas Local Government Code provides for a civil service commission to oversee the relationship between municipalities and their police officers and fire fighters when the municipality adopts the chapter.[1] TEX. LOCAL GOV'T CODE ANN. § 143.002 (Vernon 2008). Subchapter D of Chapter 143 authorizes a municipality to suspend or demote a fire fighter or police officer, depending on the circumstances. *See id.* § 143.051 (Vernon 2008) (grounds for suspending or removing officer or fire fighter), § 143.052 (Vernon 2008) (procedures for suspending officer or fire fighter), § 143.053 (Vernon 2008) (procedures for appeal of suspen-

---

1. The parties agree that chapter 143 is applicable to this case.

sion), § 143.054 (Vernon 2008) (procedures for demoting officer or fire fighter). A fire fighter or police officer who has been suspended or whose demotion has been recommended has the right to a hearing before the civil service commission or a hearing examiner. *Id.* §§ 143.053(b), 143.054(c), (d), 143.057(a). The hearing examiner has the same duties and powers as the civil service commission. *Id.* § 143.057(f).

The procedures for suspending, appealing a suspension, and demoting are set forth in separate sections. The head of a department may temporarily suspend a fire fighter for up to fifteen days or may indefinitely suspend the fire fighter. *Id.* § 143.052(b). When a department head suspends a fire fighter, he must file a written statement with the commission stating the reasons for the suspension. *Id.* § 143.052(c). In an appeal from a suspension, the statement of reasons for the suspension may not be modified, and the commission or examiner may uphold the suspension only if it finds "the truth of the specific charges against the fire fighter." *Id.* § 143.053(c), (g).

For demotions, the head of the department lacks authority to demote a fire fighter-the department head's authority concerning demotion is limited to making a written recommendation setting out the reasons for the requested demotion. *Id.* § 143.054(a). After the department head requests demotion, the commission may refuse to grant the request for demotion or, if it believes probable cause exists for ordering the demotion, it must hold "a full and complete public hearing" before it may demote the fire fighter. *Id.* § 143.054(c), (d). Section 143.054 does not state what findings the commission or hearing examiner must make before it can impose the recommendation of demotion. However, this Court has interpreted the statute as requiring the commission or hearing examiner to find the evidence supports the department head's statement of the misconduct before imposing the demotion. *See City of Carrollton v. Keeling,* 560 S.W.2d 488, 490 (Tex.Civ.App.-Dallas 1977, writ ref'd n.r.e.).

The municipality and the disciplined fire fighter have a limited right to appeal the hearing examiner's decision to district court. Under Local Government Code section 143.057(j), "A district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means."[2] Tex. Local Gov't Code Ann. § 143.057(j) (Vernon 2008). This standard has been interpreted as an "abuse of authority standard." *City of Garland v. Byrd,* 97 S.W.3d 601, 607 (Tex. App.-Dallas 2002, pet. denied). An abuse of authority occurs when a decision is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Byrd,* 97 S.W.3d at 607.

### Imposing Discipline After Finding Evidence of Charged Conduct Insufficient

Appellant argues that the hearing examiner had no jurisdiction to punish appellant

---

**2.** The use of the words "arbitration panel" instead of "hearing examiner" is clearly a mistake. Chapter 143 does not provide for decisions by arbitration panels. The only place in chapter 143 that "arbitration panel" appears is in the two sections governing appeals to district court from hearing examiners. *See* Tex. Local Gov't Code Ann. §§ 143.057(j), .1016(j) (Vernon 2008). This mistake apparently resulted from the legislature's borrowing language from a substantially similar provision in the Fire and Police Employee Relations Act. *See City of League City v. Blevins,* 821 S.W.2d 212, 215 (Tex. App.-Houston [14th Dist.] 1991, no writ).

after finding the evidence insufficient to support the charged conduct of exposure. He asserts the hearing examiner abused his authority by imposing the suspension based on conduct other than the charged misconduct.

■ The issues before the hearing examiner were whether appellant committed the charged misconduct of exposure and, if so, the discipline to be imposed. *See* Tex. Local Gov't Code Ann. §§ 143.053(e)-(g), .054(c), (d), .057(f). Regardless of whether suspension could be imposed when the department head recommended demotion, the hearing examiner had to find appellant committed the charged misconduct before he could impose either form of discipline. *See Keeling*, 560 S.W.2d at 490 (implicit in statute that demotion requires finding of the charged misconduct); *see also* Tex. Local Gov't Code Ann. § 143.053(c), (g) (for suspension or dismissal, commission or hearing examiner must find the truth of specific charges, which may not be amended). In this case, when the hearing examiner "conclude[d] that the necessary proof was not present to establish Kuykendall exposed himself," the examiner lacked authority to proceed to impose a punishment for wrongdoing, "horseplay" and "inappropriate behavior," not alleged in the department head's written recommendation of demotion. Indeed, once the hearing examiner concluded the evidence was insufficient to support the charged conduct, the hearing examiner's authority was limited to entering the appropriate order denying the department head's recommendation of demotion or other order necessary to fulfill the requirements of chapter 143. *See id.* §§ 143.053(e)-(g), .054(c), (d), .057(f).

■ The hearing examiner's decision to impose discipline for conduct not mentioned in the recommendation of demotion after finding the charged misconduct was not supported by the evidence constitutes a decision so arbitrary and unreasonable that it amounts to a clear abuse of authority. By abusing his authority, the hearing examiner exceeded his jurisdiction. *Byrd*, 97 S.W.3d at 607. Accordingly, we hold the trial court erred by granting appellees' motion for summary judgment and denying appellant's motion for summary judgment. We sustain appellant's first issue.

Because of our determination of appellant's first issue, we need not address appellant's second issue. *See* Tex.R.App. P. 47.1 (court of appeals' opinion must address every issue necessary to final disposition of appeal).

## ATTORNEY'S FEES

In his third issue, appellant asserts he is entitled to attorney's fees. Under section 143.015(c), in an appeal to district court from a decision of the civil service commission, "[t]he court may award reasonable attorney's fees to the prevailing party and assess court costs against the nonprevailing party." Tex. Local Gov't Code Ann. § 143.015(c) (Vernon 2008). In *City of DeSoto v. White*, 232 S.W.3d 379 (Tex. App.-Dallas 2007, pet. filed), and *City of Carrollton v. Popescu*, 806 S.W.2d 268 (Tex.App.-Dallas 1991, no writ), this Court held section 143.015(c)'s authority to award attorney's fees to a prevailing party also applied to an appeal to district court from the decision of a hearing examiner. *See White*, 232 S.W.3d at 384; *Popescu*, 806 S.W.2d at 273-74. The supreme court has held that the awarding of attorney's fees to the prevailing party under section 143.015(c) is discretionary. *City of Sherman v. Henry*, 928 S.W.2d 464, 474 (Tex. 1996); *City of Laredo v. Almazan*, 115 S.W.3d 74, 78 (Tex.App.-San Antonio 2003, no pet.). We sustain appellant's third issue to the extent we hold the trial court has discretion to award appellant attorney's fees.

## CONCLUSION

We reverse the trial court's judgment, render judgment that the hearing examiner's order of suspension is set aside and that appellees take nothing from appellant. We remand this cause to the trial court for determination and entry of judgment on the amount of attorney's fees and costs, if any, that should be awarded to appellant as the prevailing party in this cause.