# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00227-CV

**Juneth Steubing, Appellant**

**v.**

**City of Killeen, Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 225,837-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Because I would reverse the judgment of the district court on the ground that the Fire Fighters' and Police Officers' Civil Service Act, *see* Tex. Loc. Gov't Code Ann. §§ 143.001-.363 (West 2008), does not authorize the remand of a hearing examiner's order procured by unlawful means, I respectfully dissent.

By electing to appeal her suspension to a hearing examiner rather than the Commission, Steubing automatically waived all rights to appeal to a district court except as provided by section 143.057(j) of the Civil Service Act. *See id.* § 143.057(c). Section 143.057(j) provides, in its entirety:

> A district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means. An appeal must be brought in the district court having jurisdiction in the municipality in which the fire or police department is located.

*Id.* § 143.057(j).[1]  Therefore, while a hearing examiner generally has the same duties and powers as the Commission when conducting a hearing on an appeal from a disciplinary suspension, *see id.* § 143.057(f), the legislature created a more restrictive appeal from a hearing examiner's decision, limiting it to those situations in which the order was outside the hearing examiner's jurisdiction or was procured by fraud, collusion, or other unlawful means.  *Id.* § 143.057(j); *see also City of Houston v. Clark*, 197 S.W.3d 314, 320 (Tex. 2006) ("Appeals from an independent hearing examiner's decision are severely circumscribed, while appeals from a Commission decision to district court are reviewed *de novo*.").[2]

In an appeal from a Commission decision, the district court is authorized to "grant the appropriate legal or equitable relief necessary to carry out the purposes of this chapter.  The relief may include reinstatement or promotion with back pay if an order of suspension, dismissal, or demotion is set aside." *Id.* § 143.015(b).  However, there is no similar provision applicable to the circumscribed appeal from a hearing examiner's decision.  *Compare id.* (appeal of Commission decision), *with id.* § 143.057(j) (appeal of hearing examiner decision).  In addition, the statutory language authorizing the trial court to grant appropriate legal or equitable relief in section 143.015(b)

---

[1]  The Dallas Court of Appeals has held that "[t]he use of the words 'arbitration panel' instead of 'hearing examiner' [in section 143.057(j)] is clearly a mistake.  Chapter 143 does not provide for decisions by arbitration panels." *Kuykendall v. City of Grand Prairie*, 257 S.W.3d 515, 518 n.2 (Tex. App.—Dallas 2008, no pet.).

[2]  While section 143.015 of the local government code states that an appeal from a Commission decision is by trial de novo, "[t]his means 'a trial to determine only the issues of whether the agency's rule is free of the taint of any illegality and is reasonably supported by substantial evidence.'" *City of Houston v. Richard*, 21 S.W.3d 586, 588 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (quoting *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984)).

is immediately preceded by the following language, "An appeal under this section is by trial de novo," *id.* § 143.015(b), a statement that clearly applies only to appeals from Commission decisions.

"When the Legislature includes a right or remedy in one part of a code but omits it in another, that may be precisely what the Legislature intended. If so, we must honor that difference." *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 84 (Tex. 2004). It is therefore significant that the legislature expressly authorized trial courts to fashion equitable remedies in appeals from Commission decisions, *see* Tex. Loc. Gov't Code Ann. § 143.015(b), without including a similar provision for appeals from hearing examiner decisions.[3] In addition, the legislature has included express language to provide for the availability of a remand when necessary in other contexts. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.089 (West 2005) (authorizing trial court to remand for new arbitration hearing when arbitration award is set aside on basis of, among other things, arbitrator's misconduct); *see also id.* § 171.088(a)(2)(C) (West 2005). The legislature's demonstrated ability to expressly provide for the remedy of remand when necessary suggests that it did not intend to allow a remand where the statute does not authorize one.

When a statute is silent, we may look to the statute's purpose for guidance. *See PPG Indus.*, 146 S.W.3d at 84. Because the statute is silent as to the remedies available in an appeal from a hearing examiner's decision, we may look to the purposes of the Civil Service Act to determine

---

[3] Another distinction between appeals from hearing examiner decisions and those from Commission decisions is that "[t]he hearing examiner's decision is final and binding on all parties." Tex. Loc. Gov't Code Ann. § 143.057(c) (West 2008). This language suggests that once a hearing examiner's decision is set aside as being unlawfully obtained, the department is not entitled to a second bite at the apple.

3

whether allowing a district court to remand an order procured by fraud, collusion, or other unlawful means is consistent with its goals.

The purpose of the Civil Service Act is "to secure efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants." Tex. Loc. Gov't Code Ann. § 143.001(a). Courts have interpreted the Civil Service Act in a manner consistent with a legislative intent to protect the rights of persons serving as officers and employees of police departments and shield them from harassment. *See Bichsel v. Carver*, 321 S.W.2d 284, 286 (Tex. 1959) (recognizing legislative intent to shield "police and similar employees from harassment" and interpreting Civil Service Act accordingly); *Carrollton v. Popescu*, 806 S.W.2d 268, 272 (Tex. App.—Dallas 1991, no writ) (holding that statements and charges by municipality may not be amended in light of "legislative purpose of shielding police and similar employees from harassment"); *see also Crawford v. City of Houston*, 487 S.W.2d 179, 181 (Tex. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.) (stating that, in enacting Civil Service Act, "the legislature may have had in mind the shielding of employees from harassment by delay").

Considering the statute's purpose of protecting the rights of police department employees, including the prevention of harassment by delay, an interpretation of section 143.057(j) that would allow a hearing examiner's order procured by fraud, collusion, or other unlawful means to be remanded for a new hearing is inconsistent with the goals of the statute, as it would allow municipalities to harass employees by unlawfully procuring orders on appeal, with the only consequence being a remand for the opportunity to do so again.[4] Conceivably, a municipality could

---

[4] We note that in the present case, the parties agree that the City was not at fault for the hearing examiner's consideration of improper evidence.

4

prolong the proceedings indefinitely by engaging in a perpetual cycle of unlawfully procuring a hearing examiner decision, and then requesting a remand from the district court.[5] In addition, allowing a remand from an unlawfully obtained hearing examiner decision could place a prohibitive financial burden on the individual employee, as an appeal before a hearing examiner, unlike an appeal before the Commission, requires the appealing employee to split the costs with the department. *See* Tex. Loc. Gov't Code Ann. § 143.057(i). Therefore, in keeping with the legislative intent to protect the rights of individual employees and prevent harassment by delay in the resolution of disciplinary proceedings, I would interpret the Civil Service Act to require that a hearing examiner's order procured by fraud, collusion or other unlawful means be set aside without remand in an appeal to a district court under section 143.057(j).

The City has pointed to no Texas case, nor have we found any, in which a district court set aside a hearing examiner's order as unlawfully procured under section 143.057(j) and then remanded for a new hearing. Authority does exist, however, for setting aside a hearing examiner's order without a remand. *See Kuykendall v. City of Grand Prairie*, 257 S.W.3d 515 (Tex. App.—Dallas 2008, no pet.). In *Kuykendall*, the court of appeals, after finding that a hearing examiner had exceeded his jurisdiction in issuing an order of suspension, reversed the trial court's judgment affirming the hearing examiner's order and rendered judgment in favor of the suspended employee, without a remand. *See id.* at 520. Similarly, the supreme court has set aside an order of the Commission without a remand on facts similar to those present here, in which a suspension order was unlawfully procured after a review of improper evidence. *See Richardson v. City of Pasadena*,

---

[5] Such a situation is less likely to occur in an appeal from a Commission decision because the district court applies a de novo review. *See id.* § 143.015(b).

5

513 S.W.2d 1, 4 (Tex. 1974). When the department attempted to initiate a new hearing based on the same underlying conduct but excluding the improper evidence, the employee sought a writ of mandamus to compel the City to reinstate him without holding a second hearing. *See City of Pasadena v. Richardson*, 523 S.W.2d 506, 509 (Tex. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). In an appeal from that mandamus proceeding, the Houston court of appeals held that when the supreme court "set aside the Commission's order of dismissal," the City was barred from initiating a second hearing. *Id.* "The only effective thing the district court could do in 'observance' of the Supreme Court's decision . . . was to determine the amount of Richardson's back pay and order that he be reinstated with such back pay." *Id.*; *see also Fire Dep't of City of Fort Worth v. City of Fort Worth*, 217 S.W.2d 664, 667 (Tex. 1949) ("Reinstatement of the employee necessarily ensues from vacating the order dismissing or suspending him.").

In another case involving similar facts, the Houston court of appeals affirmed the trial court's order setting aside an order of the Commission on the basis that the Commission's order was improperly based on evidence outside the record. *Firemen's & Policemen's Civil Serv. Comm'n v. Bonds*, 666 S.W.2d 242, 245 (Tex. App.—Houston [14th Dist.] 1984, writ dism'd w.o.j.); *see also* Tex. Loc. Gov't Code Ann. § 143.010(g) (Commission may only consider evidence submitted at hearing). The court affirmed the trial court's order reinstating the employee without a remand *despite* its determination that the Commission's decision to suspend the employee was supported by substantial evidence. *Bonds*, 666 S.W.2d at 245 ("While there may have been substantial evidence to support the Commission's order, we cannot say that the ruling was free of the taint of illegality. . . . Any evidence received outside the bounds set by the statute is illegal, and destroys any presumption that the Commission's order is valid."). While *Bonds*, like the present case, did not

6

necessarily involve egregious misconduct by the Commission or the department, the mere "taint of illegality" surrounding the consideration of improper evidence was sufficient to require reinstatement of the employee, despite the existence of substantial evidence to support a suspension. *See id.*

The Fire Fighters' and Police Officers' Civil Service Act is a highly technical statute that should be interpreted in a manner consistent with its purpose of protecting the rights of the employee. *See Bichsel*, 321 S.W.2d at 286 (stating that one purpose of Civil Service Act is "to provide for and protect the rights of persons serving as officers and employees of municipal fire and police departments"); *Austin v. Villegas*, 603 S.W.2d 282, 283 (Tex. App.—Beaumont 1980, writ ref'd n.r.e.) (describing proceedings under Civil Service Act as being "governed by statutes of unusual strictness"). Furthermore, the requirements of the Act must be strictly construed to avoid delay, or else a "suspended employee could thereby easily be dissuaded from pursuing the procedures provided for in the Act which are at least in part specified for his protection." *Crawford*, 487 S.W.2d at 181 (granting writ of mandamus compelling reinstatement of employee due to Commission's failure to hold appeal hearing within 30 days as required by statute). Given the requirement of strict construction and the absence of any legal authority for a remand of a hearing examiner's order procured by unlawful means, I respectfully dissent.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed: July 10, 2009

7