**CITY OF PASADENA et al., Appellants,**

**v.**

**E. D. RICHARDSON, Appellee (two cases).**

**Nos. 1155, 1175.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 14, 1975.

Rehearing Denied June 4, 1975.

Charles A. Easterling, City Atty., Pasadena, for appellants.

Charles E. Humphrey, Jr., B. J. Walter, Jr., Jesse R. Pierce, Foreman, Dyess, Prewett, Rosenberg & Henderson, and James C. Calaway, Houston, for appellee.

TUNKS, Chief Justice.

This is a consolidated appeal of two causes of action involving identical parties and interrelated issues. Appellants, the City of Pasadena, Texas, the Pasadena Civil Service Commission and its Director, and the Pasadena Chief of Police, appeal from the judgment of the district court granting a writ of mandamus in favor of appellee, E. D. Richardson, and from the granting of his motion for summary judgment.

On June 12, 1972, appellee, E. D. Richardson, was indefinitely suspended from the Pasadena Police Department by then Chief of Police Ellis Means on the grounds of insubordination for allegedly refusing to obey Means' order to submit to a polygraph test. Richardson was duly served with the charges against him and he timely gave notice of appeal to the Pasadena Civil Service Commission. The Commission held a hearing on the matter within thirty days of Richardson's appeal. The only witnesses at the hearing were Means and Richardson, and there was a conflict in their testimony as to whether Means had only requested or had actually ordered Richardson to submit to a polygraph examination. Six days after the formal hearing had ended, the Commission received affidavits corroborating Means' testimony from three policemen who had been present at the meeting between Means and Richardson but who had not been called to testify at the hearing. Neither Richardson nor his attorney was notified of the receipt of this evidence so that they were deprived of the opportunity of rebutting it. On July 17, 1972, the Pasadena Civil Service Commission issued its final order upholding the action of Chief Means and permanently dismissing Richardson solely on the grounds of insubordination for his refusal to obey Means' alleged order to submit to a polygraph test.

Richardson appealed this decision to the district court where, after a trial de novo, the Commission's order was sustained. The district court's judgment was affirmed by this Court. Richardson v. City of Pasadena, 500 S.W.2d 175 (Tex.Civ.App.-Houston [14th Dist.] 1973). Writ of error was granted by the Texas Supreme Court, and the judgments affirming the order of dismissal were reversed and the Commission's order was set aside. Tex.Civ.App., 513 S.W.2d 1 (1974). The Court based its reversal on the Civil Service Commission's action in considering evidence which was not offered at the hearing. This, it was held, constituted a denial to Richardson of procedural due process. The opinion of the Court was handed down July 24, 1974, and the City's motion for rehearing was denied September 24, 1974. The mandate of the Supreme Court, directing that its " . . . decision be certified to the District Court of Harris County, Texas, for observance", was issued on October 7, 1974.

Richardson then made demand upon appellants to be reinstated on the police force to the position or class of service from which he was suspended, with accrued back pay for the period of his sus-

pension. This request was refused. On November 8, 1974, the Pasadena Civil Service Director notified Richardson that a new hearing would be held on November 27, 1974. Richardson's counsel replied by letter that Richardson was ready, willing and able to resume his duties and demanded that he be restored to the police force with back pay and that the notice of rehearing be withdrawn. Richardson then filed in the district court a petition for writ of mandamus that he be reinstated with back pay. He also asked the court to restrain appellants from holding the November 27 hearing.

On Richardson's petition a hearing was held before the district court on November 25, 1974. Richardson testified that at all times since the Supreme Court's decision was handed down, he had been ready, willing, and able to return to work on the police force. Appellant B. B. Storey, the Pasadena Civil Service Director, testified that he intended to hold a hearing to determine whether Means ordered Richardson to take the lie detector test and whether to suspend Richardson or to reinstate him with back pay. The district court took the matter under advisement pending the outcome of the November 27 rehearing of the suspension. After the rehearing on November 27, 1974, the Commission issued its final order permanently dismissing Richardson from the police force. In this order the Commission found that Chief Means' charge of insubordination based on Richardson's refusal to submit to a polygraph examination was true and that the suspension should be upheld.

The district court then rendered its final judgment in the mandamus proceeding on December 4, 1974. Richardson was granted a writ of mandamus directing the appellants to restore him to the position from which he was suspended on June 12, 1972, and to pay him $24,082.74 accrued compensation for the period of his suspension.

Appellants gave notice of appeal from that judgment and have perfected their appeal to this Court.

On December 6, 1974, Richardson filed a petition in the district court to set aside the Commission's November 27 order on the grounds that it violated the Firemen's and Policemen's Civil Service Act, Vernon's Tex.Rev.Civ.Stat.Ann. art. 1269m (1963), as well as his rights under the federal and state Constitutions. Richardson in that case moved for summary judgment, which was granted by the district court. A final judgment was rendered on January 28, 1975, setting aside the Commission's order of November 27, 1974, and reinstating Richardson as a member of the police force with back pay from November 27, 1974 until the date on which he is reinstated. Appellants gave notice of appeal from that summary judgment and have perfected their appeal to this Court. On March 12, 1975, we granted the parties' joint motion to consolidate the two appeals for submission and decision.

■ Appellants by their first point of error contend that the trial court lacked jurisdiction to issue a writ of mandamus directing them to reinstate Richardson to the police force with back pay for the period of his suspension through November 27, 1974. Appellants argue that Article 1269m vests in the Pasadena Civil Service Commission the exclusive responsibility of administering personnel problems of the police department, and that for a court to direct the Commission to reinstate an employee by means of mandamus would interfere with its statutory authority.

Appellants' first point of error is overruled. In Bichsel v. Carver, 321 S.W.2d 284, 287 (Tex.Sup.1959), it was held that ". . . mandamus is a proper remedy in the situation presented." In that case the Civil Service Commission was threatening to hold a hearing on charges against a policeman. The charges upon which hearing was to be held had been amended

in violation of the procedural provisions of Section 16 of Article 1269m.

 Appellants' principal argument here, in both the mandamus case and the appeal from the Commission's order of discharge wherein the district court rendered summary judgment, is that the Supreme Court, in reversing this Court's and the district court's former judgments, did not order that Richardson be reinstated with back pay. The Supreme Court said, at 513 S.W.2d 4, that "[t]he judgments of the courts below are reversed and the order of the Commission is set aside." The mandate that the Supreme Court then issued recited that " . . . the judgments of the Court of Civil Appeals, and District Court be, and hereby are, reversed and . . . the order of the Pasadena Civil Service Commission be, and hereby is, set aside." The mandate also said that "[i]t is further ordered . . . that this decision be certified to the District Court of Harris County, Texas, for observance."

The Supreme Court apparently did not deem it necessary to order that Richardson be reinstated. It did, however, clearly set aside the Commission's order of dismissal. In Fire Department of City v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664, 667 (Tex.Sup.1949), the Court, in discussing the constitutionality of Section 18 of Article 1269m, which provides for appeal to the district court from an order of dismissal, said: "Reinstatement of the employee necessarily ensues from vacating the order dismissing or suspending him." We believe that by that language it is meant that, upon the vacation of the Commission's order of dismissal, Richardson was restored to his position of employment with the Pasadena Police Department. It would be futile to restore him to the status of a policeman under temporary suspension and charged with offenses by the Chief of Police, the status he was in immediately before the Commission issued its 1972 order discharging him. It had been more than two years since his suspension and appeal to the Commission. The Commission could not issue a valid order dismissing him unless it did so within thirty days of his notice of appeal. Todd v. City of Houston, 508 S.W.2d 140 (Tex.Civ.App.-Houston [1st Dist.] 1974, writ ref'd n. r. e.). The only effective thing the district court could do in "observance" of the Supreme Court's decision, as ordered by the October 7, 1974 mandate issued by that Court, was to determine the amount of Richardson's back pay and order that he be reinstated with such back pay. That has now effectively been done.

The judgments of the district court, both in issuing the mandamus and in granting Richardson's motion for summary judgment in his appeal from the Commission's second order of dismissal, are affirmed.

Affirmed.