FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF GALVESTON, Texas et al., Appellants,

v.

**Earl BONDS, Appellee.**

**No. A14–82–857CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 12, 1984.

Rehearing Denied Feb. 2, 1984.

Robert V. Shattuck, Jr., City Atty., Stephen M. Jetton, Asst. City Atty., Galveston, for appellant.

Bruce A. Pauley, Austin, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

DRAUGHN, Justice.

Earl Bonds (appellee), a policeman with the City of Galveston Police Department, was indefinitely suspended from duty on August 24, 1981, after a hearing before the Firemen's and Policemen's Civil Service Commission of Galveston. Bonds' suspension was due to "conduct prejudicial to the good order," a violation of the local civil service rules. It was charged that Bonds had made sexual advances on a 20 year-old female whom he had arrested for shoplifting and was transporting to jail. Bonds appealed to the district court, and obtained judgment, reinstating him to the position of patrolman, together with lost wages and benefits. The Commission and Paul Hulsey, Chief of Police of the City of Galveston, appeal. We affirm.

In its sole point of error, appellants claim the trial court erred in finding there was no substantial evidence to support the Commission's decision to suspend Officer Bonds.

At the Commission hearing, a number of witnesses were called to testify. Both Complainant and Bonds testified as to the events leading to the charges against Bonds. The parties' testimony was sharply conflicting. After both sides had rested, the Commission called Police Chief Hulsey to testify. Chief Hulsey stated he had made his final decision to suspend Bonds after receiving the results of two polygraph examinations taken by the Complainant. The polygraph examiners who administered the test also testified. However, on appeal to the district court, both the Commission and Bonds stipulated that all evidence regarding the polygraph examinations should be disregarded by the trial court in making its determination.

During the course of the hearing, it was discovered that upon the request of one of the commissioners, the civil service director, at some time prior to the hearing, had given each member of the Commission a packet containing documents relating to the charges against appellee for his alleged misconduct. We note the following pertinent testimony:

COMMISSIONER CLAYTON: May I point out something? I think the issue is closed, but there is a point to it that I would like to bring out. If there are any improprieties, there is a very good chance that I am responsible. As past chairman of the Commission, I became somewhat impatient with coming to these hearings with no information and directed the Civil Service Director to mail—to hold a meeting prior to tonight and supply the Commission with relevant documents so we did not walk in cold. I do not believe that that constitutes any impropriety. Perhaps it does, but if so, I ordered it. I suspect he's still following his directions.

COMMISSIONER RIDER: In spite of your orders, we walked in cold.

COMMISSIONER CLAYTON: Well, I had the information. I don't know where it came from, but as I left my office my secretary came to me and said, "Here are the matters you need."

COMMISSIONER MORGAN: It came from the Director of Civil Service, who is being paid to do that; and there he sits over there ...

While the record does not specify all of the contents of the packet, it is certain that at least one witness's sworn statement was contained therein. We can only speculate as to the exact nature of the other documents; however, they were relevant to appellee's case.

The Firemen's and Policemen's Civil Service Act, TEX.REV.CIV.STAT.ANN. art. 1269m, § 16a (Vernon Supp.1982–1983) requires a Civil Service Commission, in reviewing an employee's suspension, to conduct a hearing fairly and impartially in accordance with the statutory provisions, and to consider *only the evidence presented before them in such hearing.* (Emphasis added.)

Section 18 of the Act provides for a subsequent trial de novo in the district court if the employee is dissatisfied with the order of the Civil Service Commission. The Texas Supreme Court has construed Section 18 to provide that a trial de novo, as applied to a review of administrative orders, means a trial to determine only whether the agency's ruling is free of taint of any illegality and is reasonable, supported by substantial evidence. *Richardson v. City of Pasadena,* 513 S.W.2d 1 (Tex.1974); *Firemen's and Policemen's Civil Service Commission of the City of Port Arthur v. Hamman,* 404 S.W.2d 308 (Tex.1966). Under the substantial evidence rule, the decision of an administrative agency must stand unless the evidence as a whole is such that reasonable minds could not have reached the conclusion reached by the agency. *Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424 (1946).

After reviewing the record, we believe there was substantial evidence to

support the Commission's decision to suspend Officer Bonds, notwithstanding the exclusion of evidence regarding Complainant's polygraph examinations. While the testimony was directly in conflict, it was within the Commission's discretion to believe the Complainant rather than Officer Bonds. We cannot say that reasonable minds could not have reached the same conclusion.

■ Nevertheless, we must affirm the trial court's judgment. While there may have been substantial evidence to support the Commission's order, we cannot say that the ruling was free of the taint of illegality. We hold that Officer Bonds was denied procedural due process of law by virtue of the furnishing of evidence to the Commission prior to the hearing. TEX.REV.CIV. STAT.ANN. art. 1269m, § 16a (Vernon Supp.1982–1983) clearly provides that the Commission is confined to an examination of the evidence *received at the hearing.* (Emphasis added.) Any evidence received outside the bounds set by the statute is illegal, and destroys any presumption that the Commission's order is valid. *See Firemen's and Policemen's Civil Service Commission of the City of Port Arthur v. Hamman,* 404 S.W.2d at 312.

The judgment of the trial court is affirmed.