TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00227-CV






Juneth Steubing, Appellant


v.


City of Killeen, Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 225,837-B, HONORABLE RICK MORRIS, JUDGE PRESIDING




D I S S E N T I N G O P I N I O N



 Because I would reverse the judgment of the district court on the ground that the
Fire Fighters' and Police Officers' Civil Service Act, see Tex. Loc. Gov't Code Ann. §§ 143.001-.363 (West 2008), does not authorize the remand of a hearing examiner's order procured by unlawful
means, I respectfully dissent.

 By electing to appeal her suspension to a hearing examiner rather than the
Commission, Steubing automatically waived all rights to appeal to a district court except as provided
by section 143.057(j) of the Civil Service Act. See id. § 143.057(c). Section 143.057(j) provides,
in its entirety:


A district court may hear an appeal of a hearing examiner's award only on the
grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction
or that the order was procured by fraud, collusion, or other unlawful means. An
appeal must be brought in the district court having jurisdiction in the municipality in
which the fire or police department is located.


Id. § 143.057(j). (1) Therefore, while a hearing examiner generally has the same duties and powers as
the Commission when conducting a hearing on an appeal from a disciplinary suspension, see id.
§ 143.057(f), the legislature created a more restrictive appeal from a hearing examiner's decision,
limiting it to those situations in which the order was outside the hearing examiner's jurisdiction or
was procured by fraud, collusion, or other unlawful means. Id. § 143.057(j); see also City of
Houston v. Clark, 197 S.W.3d 314, 320 (Tex. 2006) ("Appeals from an independent hearing
examiner's decision are severely circumscribed, while appeals from a Commission decision to
district court are reviewed de novo."). (2) 

 In an appeal from a Commission decision, the district court is authorized to "grant
the appropriate legal or equitable relief necessary to carry out the purposes of this chapter. The relief
may include reinstatement or promotion with back pay if an order of suspension, dismissal, or
demotion is set aside." Id. § 143.015(b). However, there is no similar provision applicable to the
circumscribed appeal from a hearing examiner's decision. Compare id. (appeal of Commission
decision), with id. § 143.057(j) (appeal of hearing examiner decision). In addition, the statutory
language authorizing the trial court to grant appropriate legal or equitable relief in section 143.015(b)
is immediately preceded by the following language, "An appeal under this section is by
trial de novo," id. § 143.015(b), a statement that clearly applies only to appeals from
Commission decisions. 

 "When the Legislature includes a right or remedy in one part of a code but omits it
in another, that may be precisely what the Legislature intended. If so, we must honor that
difference." PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship, 146 S.W.3d 79, 84
(Tex. 2004). It is therefore significant that the legislature expressly authorized trial courts to fashion
equitable remedies in appeals from Commission decisions, see Tex. Loc. Gov't Code
Ann. § 143.015(b), without including a similar provision for appeals from hearing examiner
decisions. (3) In addition, the legislature has included express language to provide for the availability
of a remand when necessary in other contexts. See Tex. Civ. Prac. & Rem. Code Ann. § 171.089
(West 2005) (authorizing trial court to remand for new arbitration hearing when arbitration award
is set aside on basis of, among other things, arbitrator's misconduct); see also id. § 171.088(a)(2)(C)
(West 2005). The legislature's demonstrated ability to expressly provide for the remedy of
remand when necessary suggests that it did not intend to allow a remand where the statute does
not authorize one.

 When a statute is silent, we may look to the statute's purpose for guidance. See PPG
Indus., 146 S.W.3d at 84. Because the statute is silent as to the remedies available in an appeal from
a hearing examiner's decision, we may look to the purposes of the Civil Service Act to determine
whether allowing a district court to remand an order procured by fraud, collusion, or other unlawful
means is consistent with its goals.

 The purpose of the Civil Service Act is "to secure efficient fire and police
departments composed of capable personnel who are free from political influence and who have
permanent employment tenure as public servants." Tex. Loc. Gov't Code Ann. § 143.001(a). Courts
have interpreted the Civil Service Act in a manner consistent with a legislative intent to protect the
rights of persons serving as officers and employees of police departments and shield them from
harassment. See Bichsel v. Carver, 321 S.W.2d 284, 286 (Tex. 1959) (recognizing legislative intent
to shield "police and similar employees from harassment" and interpreting Civil Service Act
accordingly); Carrollton v. Popescu, 806 S.W.2d 268, 272 (Tex. App.--Dallas 1991, no writ)
(holding that statements and charges by municipality may not be amended in light of "legislative
purpose of shielding police and similar employees from harassment"); see also Crawford v. City of
Houston, 487 S.W.2d 179, 181 (Tex. App.--Houston [14th Dist.] 1972, writ ref'd n.r.e.) (stating
that, in enacting Civil Service Act, "the legislature may have had in mind the shielding of employees
from harassment by delay").

 Considering the statute's purpose of protecting the rights of police department
employees, including the prevention of harassment by delay, an interpretation of section 143.057(j)
that would allow a hearing examiner's order procured by fraud, collusion, or other unlawful means
to be remanded for a new hearing is inconsistent with the goals of the statute, as it would allow
municipalities to harass employees by unlawfully procuring orders on appeal, with the only
consequence being a remand for the opportunity to do so again. (4) Conceivably, a municipality could
prolong the proceedings indefinitely by engaging in a perpetual cycle of unlawfully procuring a
hearing examiner decision, and then requesting a remand from the district court. (5) In addition,
allowing a remand from an unlawfully obtained hearing examiner decision could place a prohibitive
financial burden on the individual employee, as an appeal before a hearing examiner, unlike an
appeal before the Commission, requires the appealing employee to split the costs with the
department. See Tex. Loc. Gov't Code Ann. § 143.057(i). Therefore, in keeping with the legislative
intent to protect the rights of individual employees and prevent harassment by delay in the resolution
of disciplinary proceedings, I would interpret the Civil Service Act to require that a hearing
examiner's order procured by fraud, collusion or other unlawful means be set aside without remand
in an appeal to a district court under section 143.057(j).

 The City has pointed to no Texas case, nor have we found any, in which a
district court set aside a hearing examiner's order as unlawfully procured under section 143.057(j)
and then remanded for a new hearing. Authority does exist, however, for setting aside a hearing
examiner's order without a remand. See Kuykendall v. City of Grand Prairie, 257 S.W.3d 515
(Tex. App.--Dallas 2008, no pet.). In Kuykendall, the court of appeals, after finding that a hearing
examiner had exceeded his jurisdiction in issuing an order of suspension, reversed the trial court's
judgment affirming the hearing examiner's order and rendered judgment in favor of the suspended
employee, without a remand. See id. at 520. Similarly, the supreme court has set aside an order of
the Commission without a remand on facts similar to those present here, in which a suspension order
was unlawfully procured after a review of improper evidence. See Richardson v. City of Pasadena, 
513 S.W.2d 1, 4 (Tex. 1974). When the department attempted to initiate a new hearing based on the
same underlying conduct but excluding the improper evidence, the employee sought a writ of
mandamus to compel the City to reinstate him without holding a second hearing. See City of
Pasadena v. Richardson, 523 S.W.2d 506, 509 (Tex. App.--Houston [14th Dist.] 1975, writ ref'd
n.r.e.). In an appeal from that mandamus proceeding, the Houston court of appeals held that when
the supreme court "set aside the Commission's order of dismissal," the City was barred from
initiating a second hearing. Id. "The only effective thing the district court could do in 'observance'
of the Supreme Court's decision . . . was to determine the amount of Richardson's back pay and
order that he be reinstated with such back pay." Id.; see also Fire Dep't of City of Fort Worth v. City
of Fort Worth, 217 S.W.2d 664, 667 (Tex. 1949) ("Reinstatement of the employee necessarily ensues
from vacating the order dismissing or suspending him."). 

 In another case involving similar facts, the Houston court of appeals affirmed the
trial court's order setting aside an order of the Commission on the basis that the Commission's order
was improperly based on evidence outside the record. Firemen's & Policemen's Civil Serv. Comm'n
v. Bonds, 666 S.W.2d 242, 245 (Tex. App.--Houston [14th Dist.] 1984, writ dism'd w.o.j.); see also
Tex. Loc. Gov't Code Ann. § 143.010(g) (Commission may only consider evidence submitted at
hearing). The court affirmed the trial court's order reinstating the employee without a remand
despite its determination that the Commission's decision to suspend the employee was supported by
substantial evidence. Bonds, 666 S.W.2d at 245 ("While there may have been substantial evidence
to support the Commission's order, we cannot say that the ruling was free of the taint of illegality.
. . . Any evidence received outside the bounds set by the statute is illegal, and destroys any
presumption that the Commission's order is valid."). While Bonds, like the present case, did not
necessarily involve egregious misconduct by the Commission or the department, the mere "taint of
illegality" surrounding the consideration of improper evidence was sufficient to require reinstatement
of the employee, despite the existence of substantial evidence to support a suspension. See id. 

 The Fire Fighters' and Police Officers' Civil Service Act is a highly technical statute
that should be interpreted in a manner consistent with its purpose of protecting the rights of the
employee. See Bichsel, 321 S.W.2d at 286 (stating that one purpose of Civil Service Act is "to
provide for and protect the rights of persons serving as officers and employees of municipal fire and
police departments"); Austin v. Villegas, 603 S.W.2d 282, 283 (Tex. App.--Beaumont 1980,
writ ref'd n.r.e.) (describing proceedings under Civil Service Act as being "governed by statutes of
unusual strictness"). Furthermore, the requirements of the Act must be strictly construed to avoid
delay, or else a "suspended employee could thereby easily be dissuaded from pursuing the
procedures provided for in the Act which are at least in part specified for his protection." Crawford,
487 S.W.2d at 181 (granting writ of mandamus compelling reinstatement of employee due to
Commission's failure to hold appeal hearing within 30 days as required by statute). Given the
requirement of strict construction and the absence of any legal authority for a remand of a hearing
examiner's order procured by unlawful means, I respectfully dissent. 



 ___________________________________________ Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson 

Filed: July 10, 2009
1. The Dallas Court of Appeals has held that "[t]he use of the words 'arbitration panel'
instead of 'hearing examiner' [in section 143.057(j)] is clearly a mistake. Chapter 143 does not
provide for decisions by arbitration panels." Kuykendall v. City of Grand Prairie, 257 S.W.3d 515,
518 n.2 (Tex. App.--Dallas 2008, no pet.).
2. While section 143.015 of the local government code states that an appeal from a
Commission decision is by trial de novo, "[t]his means 'a trial to determine only the issues of
whether the agency's rule is free of the taint of any illegality and is reasonably supported by
substantial evidence.'" City of Houston v. Richard, 21 S.W.3d 586, 588 (Tex. App.--Houston
[1st Dist.] 2000, no pet.) (quoting Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,
662 S.W.2d 953, 956 (Tex. 1984)). 
3. Another distinction between appeals from hearing examiner decisions and those from
Commission decisions is that "[t]he hearing examiner's decision is final and binding on all parties." 
Tex. Loc. Gov't Code Ann. § 143.057(c) (West 2008). This language suggests that once a hearing
examiner's decision is set aside as being unlawfully obtained, the department is not entitled to a
second bite at the apple. 
4. We note that in the present case, the parties agree that the City was not at fault for the
hearing examiner's consideration of improper evidence.
5. Such a situation is less likely to occur in an appeal from a Commission decision because
the district court applies a de novo review. See id. § 143.015(b).