# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-08-00227-CV
---

**Juneth Steubing, Appellant**

**v.**

**City of Killeen, Texas, Appellee**

---
**FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 225,837-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**
---

## O P I N I O N

Juneth Steubing was indefinitely suspended from her job as a police officer for the City of Killeen ("City"). Steubing appealed her suspension to a hearings examiner, who concluded that Steubing should not be reinstated. After the examiner issued his order, Steubing appealed to the district court and filed a motion for summary judgment. The district court granted the motion in part and remanded the case back to the examiner. In this appeal, Steubing argues that the district court erred by remanding the case back to the examiner instead of issuing a judgment reinstating her to the Killeen Police Department. Steubing also contends that the district court erred by failing to award her attorney's fees. We will affirm the judgment of the district court.

## BACKGROUND

The issues and facts are well known to the parties, so we will not exhaustively recount them here. On November 20, 2006, Steubing was indefinitely suspended from the

Killeen Police Department. After her suspension, Steubing elected to appeal that determination to an independent third-party hearing examiner rather than appeal to the Fire Fighters' and Police Officers' Civil Service Commission ("Commission"). *See* Tex. Loc. Gov't Code Ann. § 143.057 (West 2008); *see also id.* § 143.057(f) (stating that hearing examiners have "the same duties and powers as the commission"); *City of DeSoto v. White*, 232 S.W.3d 379, 384 (Tex. App.—Dallas 2007, pet. granted) (concluding that powers used by hearing examiner are same as those of Commission and that final orders by examiners are equivalent to final orders by Commission); *City of Garland v. Byrd*, 97 S.W.3d 601, 606 (Tex. App.—Dallas 2002, pet. denied) (explaining that examiner steps into shoes of Commission when asked to make disciplinary decisions).

After the hearing before the examiner concluded, the examiner issued his decision denying Steubing's appeal. The examiner concluded that Steubing should not be reinstated and that the City's decision to terminate Steubing was justified. In his decision, the examiner stated that when making his determination, he *sua sponte* considered various psychological studies and empirical studies that had not been admitted into evidence. In other words, the examiner considered information that was not presented during the hearing or offered by either party to the hearing.

Steubing appealed the examiner's decision to the district court. Essentially, Steubing argued that because the examiner considered evidence that was not offered by either party during the hearing, the examiner's order was procured by unlawful means, which violated her right to due process. *See* Tex. Loc. Gov't Code Ann. § 143.057(j) (listing permissible grounds for appealing examiner's decision including ground that order was procured by "unlawful means"). After appealing the order, Steubing filed a motion for summary judgment. In her motion, Steubing asked the district court to reinstate her to her former position and to award her attorney's fees. The

2

district court granted Steubing's motion in part by reversing the examiner's order. Instead of ordering her reinstatement, the court remanded the case back to the examiner so that the examiner could "reconsider the matter without considering the evidence which was not submitted at the hearing (the *sua sponte* psychological studies and empirical statistics not submitted at the hearing)." The district court denied Steubing's attorney's fee claim.

## DISCUSSION

On appeal, no party contests the district court's determination that the hearing examiner's decision was procured by unlawful means. *See* Tex. Loc. Gov't Code Ann. § 143.010(g) (West 2008) (stating that Commission may only consider evidence submitted *during hearing* when making disciplinary decision); *see also Richardson v. City of Pasadena*, 513 S.W.2d 1, 4 (Tex. 1974) (concluding that Commission erred by admitting and considering affidavits filed after hearing had concluded); *Firemen's & Policemen's Civil Serv. Comm'n v. Bonds*, 666 S.W.2d 242, 245 (Tex. App.—Houston [14th Dist.] 1984, writ dism'd) (concluding that evidence given to Commission prior to hearing was "illegal"). Rather, in this appeal, Steubing asserts that the district court erred by remanding the case to the examiner instead of ordering her reinstatement. In addition, Steubing argues that the district court erred by failing to award her attorney's fees.

*Remand*

In asserting that the district court should have reinstated her, Steubing primarily relies on two cases. In the first case, the supreme court set aside an order by the Commission dismissing an employee from continued employment and reversed the judgments of the district and appellate courts that had affirmed the Commission's order. *Richardson*, 513 S.W.2d at 4. In that case, the

3

Commission had considered evidence submitted after the hearing had closed. *Id.* at 3. After stating that it was setting aside the Commission's order, the supreme court did not state that it was remanding the case for further proceedings, *see id.* at 4, and for this reason Steubing asserts that the supreme court's judgment effectively reinstated the employee. Although the supreme court's judgment did not specifically order the City of Pasadena to reinstate the employee, we note that an appellate court later interpreted the supreme court's order as effectively requiring reinstatement. *See City of Pasadena v. Richardson*, 523 S.W.2d 506, 509 (Tex. Civ. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.).[1]

In the second case, one of the commissioners improperly asked a municipality to provide the Commission with documents related to an employee's alleged misconduct so that the Commission could review the documents before the hearing. *Bonds*, 666 S.W.2d at 244; *see* Tex. Loc. Gov't Code Ann. § 143.010(g). After a hearing, the Commission suspended the employee, and the employee appealed to the district court. *Bonds*, 666 S.W.2d at 244. The district court reversed the suspension and ordered the employee reinstated. *Id.* The district court's judgment, including the provision requiring reinstatement, was affirmed on appeal. *Id.* at 245.

---

[1] After the supreme court set aside the order pertaining to Richardson, the Commission scheduled another hearing regarding Richardson's employment, and Richardson filed a writ of mandamus asking the district court to order his reinstatement. *City of Pasadena v. Richardson*, 523 S.W.2d 506, 508 (Tex. Civ. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). Ultimately, the district court granted the writ. *Id.* The City of Pasadena appealed, and the appellate court determined that in light of the supreme court's judgment, the "only effective thing the district court could do . . . was to order reinstatement." *Id.* at 509. It is worth noting that the appellate court based this conclusion on its determination that the Commission could not have properly issued another order dismissing Richardson because the time in which the Commission could have issued an order of dismissal had expired. *Id.* (explaining that Commission was only authorized to issue order of dismissal within thirty days of employee's filing notice of appeal and that more than two years had expired since Richardson had filed his appeal with Commission). That type of temporal bar is not an issue in the present case.

4

In light of these two cases, Steubing argues that district courts may not remand cases for further proceedings after setting disciplinary orders aside; on the contrary, Steubing insists that district courts are obligated to reinstate the employees who are the subject of the orders.

For the reasons that follow, we disagree with Steubing. First, we believe that Steubing's reliance on the two cases described above is misplaced. Even assuming that the supreme court's decision in *Richardson* compelled Richardson's reinstatement, the decision to reinstate Richardson in that case would not seem to foreclose district courts from ever fashioning other types of relief. Similarly, the fact that the appellate court in *Firemen's* affirmed the district court's decision to reinstate an employee would not seem to preclude district courts from employing other remedies as well. Nothing in the language of either opinion persuades us that the courts in those cases were confronted with determining whether district courts may grant relief other than reinstatement when setting aside orders by an examiner or the Commission, and more importantly, neither opinion expressly prohibits district courts from ordering other types of relief.[2]

Moreover, the language of the governing statute also convinces us that district courts have the authority to fashion remedies other than reinstatement when setting examiners' orders aside. Although the provision of the local government code governing this case does authorize a

---

[2] After oral argument was held in this case, Steubing filed a supplemental letter brief containing additional authority. Specifically, Steubing referred to *Kuykenall v. City of Grand Prairie*, 257 S.W.3d 515 (Tex. App.—Dallas 2008, no pet.). In that case, the appellate court determined that a hearing examiner did not have the authority to impose a punishment on an employee for conduct that was not specifically alleged in the supervisor's recommendation for demotion. *Id.* at 519. Moreover, because there was insufficient evidence to support a determination that the employee had engaged in the inappropriate conduct actually alleged, the appellate court set aside the order of suspension. However, as with the other cases described above, nothing in the language of this opinion forecloses the possibility that a remand may be ordered in appropriate circumstances.

5

district court to reinstate an employee if it overturns an examiner's order, *see* Tex. Loc. Gov't Code Ann. § 143.015(b) (West 2008), it does not foreclose the utilization of other types of remedies. To the contrary, the legislature gave district courts wide discretion for determining what relief, if any, was appropriate when an examiner's order is overturned.[3] In particular, the legislature authorized district courts to "grant the appropriate legal or equitable relief necessary to carry out the purposes of this chapter." *Id.* Moreover, when the legislature listed reinstatement as one type of permissible relief, it did not mandate reinstatement. Rather, the legislature stated that a district court "may" order reinstatement. *See id.* The use of the word "may" in this context persuades us that the legislature wanted district courts to have discretion when deciding whether to require reinstatement. *See* Tex. Gov't Code Ann. § 311.016 (West 2005) (explaining that word "may" is used in statute to signify "discretionary authority or grant[] permission or a power").[4]

---

[3] We note that the statute in effect when *Richardson* was decided was more restrictive than the one at issue in this case. The previous statute did not contain a provision affording district courts the type of broad discretion to fashion remedies that the current version does. *See* Act of May 15, 1947, 50th Leg., R.S., ch. 326, § 18, 1947 Tex. Gen. Laws 550, 556, *amended by* Act of Apr. 28, 1955, 54th Leg., R.S., ch. 255, § 4, sec. 18, 1975 Tex. Gen. Laws 706, 708. On the contrary, the statute simply authorized an employee who was dissatisfied with an order of the Commission to file an appeal in a district court "asking that his order of suspension or dismissal . . . be set aside, [and] that he be reinstated." *Id.* The more limited nature of the statute in effect during *Richardson* supports our determination that the holding in *Richardson* does not prohibit district courts from employing remedies other than reinstatement under the current statutory scheme.

[4] It is worth noting that the supreme court has cautioned against interpreting the Fire Fighters' and Police Officers' Civil Service Act in a manner that would allow a "hearing examiner's arbitrary or even fraudulent decision" to leave a municipality without recourse, stating that such an interpretation would be contrary to the public interest. *City of Houston v. Clark*, 197 S.W.3d 314, 320 (Tex. 2006); *see also* Tex. Gov't Code Ann. § 311.021 (West 2005) (explaining that when construing statutes, courts presume that "public interest is favored over any private interest"). Although those statements were made in reference to a determination regarding whether a municipality could appeal an examiner's decision, we believe that those same considerations compel a remand of an examiner's decision in appropriate circumstances rather than an automatic reinstatement as urged by the dissent.

Having determined that district courts have the authority to order relief other than reinstatement in appropriate circumstances, we must now determine whether the district court abused its discretion by ordering a remand in this case. *Cf. In re General Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008) (explaining that "[a] court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to guiding principles"). As a preliminary matter, we note that the discretion afforded to district courts by the statute governing this case seems broad enough to allow for remands when warranted.[5] *See* Tex. Loc. Gov't Code Ann. § 143.015(b).

Further, we note that this case involved the improper admission of evidence. Although we recognize that this case involves an appeal of a hearing examiner's order, the district court's decision to remand the case back to the examiner is consistent with the appellate practice of remanding a case back to a trial court when the trial court improperly admits evidence

---

[5] On appeal, Steubing cites to *Kirkwood v. City of Corsicana*, 871 S.W.2d 544 (Tex. App.—Waco 1994, no writ), for the proposition that when an examiner's decision is final, a district court can never remand the proceeding back to the examiner for another decision. In that case, the court did conclude that a district court "was not justified in . . . remanding the proceeding to the commission for another decision," *id.* at 546; however, the context in which the statement was made reveals that the statement was limited to the facts of that case and was not an assertion that a district court could never remand a case back to the Commission or to an examiner.

In *Kirkwood*, the Commission issued an order, and Kirkwood appealed that order to the district court. The district court determined that the Commission's order "was not a final, appealable order and remanded the proceeding" back to the Commission so that a final order could be issued. *Id.* at 545. The Commission issued another order, and Kirkwood appealed that order as well. After the district court issued its judgment, Kirkwood appealed that determination. The appellate court determined that the district court erred by concluding that the first order by the Commission was not final because all Commission orders regarding suspensions are appealable. *Id.* at 546. In other words, rather than stating that remand was never appropriate, the court was simply saying that the district court should have reached the merits of the first appeal rather than remand it because the first order was an appealable order. Unlike the *Kirkwood* case, the district court in the present case addressed the merits of Steubing's appeal when it was filed and only determined that a remand was appropriate after concluding that the hearings examiner had erred.

7

that should not have been admitted. *See, e.g.*, *Southwestern Bell Tel. Co. v. Radler Pavilion Ltd. P'ship*, 77 S.W.3d 482, 486 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (remanding case after concluding that trial court improperly admitted certain testimony); *see also Rector v. Texas Alcoholic Beverage Comm'n*, 599 S.W.2d 800, 801 (Tex. 1980) (remanding case back to county court for another administrative hearing after determining that county court did not allow individual seeking license to cross examine witnesses who testified during initial hearing).

Moreover, in this case, and unlike the cases Steubing relies on, neither party asked the hearing examiner to consider evidence offered outside of the hearing. On the contrary, in this case, it was the hearing examiner who chose to consider evidence that was not submitted as part of the hearing, and neither party was given prior notice of that decision. In light of the preceding, we cannot conclude that the district court abused its discretion by determining that a remand would be the most effective way to address the error committed in this case.

For all of these reasons, we overrule Steubing's first issue on appeal.

*Attorney's Fees*

In her second issue, Steubing contends that the district court should have awarded her the attorney's fees she requested in her motion for summary judgment. The local government code states that district courts may award attorney's fees to a prevailing party in an appeal of an examiner's order. Tex. Loc. Gov't Code Ann. § 143.015(c) (West 2008). Although Steubing was technically the prevailing party even though she did not receive all of the relief that she requested at trial, *see City of Laredo v. Almazan*, 115 S.W.3d 74, 78 (Tex. App.—San Antonio 2003, no pet.), recovery for attorney's fees is not automatic. On the contrary, district courts have discretion when deciding whether to award attorney's fees to a prevailing party. *See Kuykenall v. City of*

8

*Grand Prairie*, 257 S.W.3d 515, 519 (Tex. App.—Dallas 2008, no pet.); *Almazan*, 115 S.W.3d at 78. Given that the City was unaware of and did not offer the evidence improperly considered by the examiner, we cannot conclude that the district court abused its discretion by failing to order the City to pay Steubing an attorney's fee award. Accordingly, we overrule Steubing's second issue on appeal.

## CONCLUSION

Having overruled both of Steubing's issues on appeal, we affirm the judgment of the district court.

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson;
   Dissenting Opinion by Justice Henson

Affirmed

Filed: July 10, 2009